

FILED
John E. Triplett, Acting Clerk
United States District Court

*By CAsbell at 3:03 pm, Oct 02, 2020*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

FELICE P. REYES,

    Plaintiff,

v.

ADR SERVICES, INC; and EARLY
SULLIVAN WRIGHT GIZER & MCRAE,
LLP,

    Defendants.

CIVIL ACTION NO.: 4:20-cv-21

## **O R D E R**

This matter is before the Court on Plaintiff's Motion to Strike Defendant Early Sullivan Wright Gizer & McRae, LLP's ("Early Sullivan") motion to dismiss. Doc. 33. Early Sullivan filed a Response. Doc. 39. For the following reasons, I **DENY** Plaintiff's Motion to Strike.

### BACKGROUND

This case stems from Plaintiff's Complaint, seeking to set aside an arbitral award and to compel arbitration. Doc. 1 at 1. The underlying arbitral award settled a fee dispute between Plaintiff and her former attorneys, Defendant Early Sullivan. Id. Following the arbitration, Plaintiff moved in the instant action to set aside the award as null and void and compel arbitration with ADR Services, Inc. Id. Plaintiff named Early Sullivan, as well JAMS, Inc., and ADR Services as Defendants. Id. Plaintiff has since moved to voluntarily dismiss Defendant JAMS, Inc. as a Defendant, doc. 29, which the Court granted, dismissing Defendant JAMS with prejudice, doc. 43.

Early Sullivan filed its motion to dismiss on March 23, 2020, in lieu of an Answer to the Complaint. Doc. 18. Plaintiff responded to Early Sullivan's motion to dismiss. Doc. 31. Further, Plaintiff then filed a Motion to Strike Early Sullivan's motion to dismiss. Doc. 33. Plaintiff, in her Motion to Strike, argues Early Sullivan made several false representations to the Court, and therefore, the Court should strike the motion to dismiss under Rule 12(f) of the Federal Rules of Civil Procedure. Doc. 33 at 2–3. Early Sullivan filed a Response to Plaintiff's Motion to Strike. Doc. 39. Early Sullivan claims that no such false representations were made in its pleadings and requests the Court deny Plaintiff's Motion to Strike. Id. at 2–3.

## DISCUSSION

Plaintiff's Motion to Strike pertains to Early Sullivan's motion to dismiss. Doc. 31. Plaintiff's objections to Early Sullivan's motion for dismissal, whatever their merit, are inappropriately asserted as motion to strike under Rule 12(f). "[A] motion to strike is only appropriately addressed toward matters contained in the pleadings." Newsome v. Webster, 834 F. Supp. 1460, 1464 (S.D. Ga.1994) (citing Smith v. Southeastern Stages, Inc., 479 F. Supp. 593, 594 (N.D. Ga. 1977)); see Fed. R. Civ. P. 12(f). The filing Plaintiff seeks to strike, however, is not contained within the meaning of "pleadings" under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 7(a) (identifying complaints, answers, and replies to counterclaims as "pleadings"). Instead, Plaintiff seeks to strike a motion to dismiss. Doc. 33 at 2–3. "Rule 12(f) motions only may be directed towards pleadings as defined by Rule 7(a); thus motions, affidavits, briefs, and other documents outside of the pleadings are not subject to Rule 12(f)." 5C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1380 (3d ed. 1998). "It is sufficient for the party opposing the motion to register its objection to the movant's [motion] by way of the material submitted in opposition to the motion. The court will then

2

implicitly, if not explicitly, rule upon these objections in consideration of the motion."
Southeastern Stages, 479 F. Supp. at 594.  Accordingly, I **DENY** Plaintiff's Motion to Strike Early Sullivan's motion to dismiss.

## CONCLUSION

For the above-stated reasons, I **DENY** Plaintiff's Motion to Strike.

**SO ORDERED**, this 2nd day of October, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA