IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| FELICE P. REYES,<br><br>    Plaintiff,<br><br>    v.<br><br>ADR SERVICES INC., a California Corporation; and EARLY, SULLIVAN, WRIGHT, GIZER & MCRAE, A Limited Liability Partnership,<br><br>    Defendant. | CIVIL ACTION NO.: 4:20-cv-21 |

**O R D E R**

This case arises out of an arbitration between Plaintiff Felice P. Reyes and Defendant Early, Sullivan, Wright, Gizer & McRae, LLP, a Limited Liability Partnership, ("Early Sullivan") over disputed legal fees that Early Sullivan claimed Plaintiff owed to it. (Doc. 1.) JAMS, Inc.[1] ("JAMS") oversaw the arbitration between the parties and ultimately found in favor of Early Sullivan. (Id. at p. 9.) Reyes, at the time acting *pro se*, subsequently filed her "Verified Petition To: (1) Set Aside as Null and Void Arbitrator's Final Award and Order Re: Respondent's Post Award Objection; and (2) Compel Arbitration with ADR Services, Inc." with this Court.[2] (Id.) Around that time, Early Sullivan filed a petition to confirm its arbitration award in the Superior Court of California for the County of Los Angeles ("Los Angeles County Superior Court"), and Reyes removed that action into this case. (Doc. 13.) Early Sullivan then filed a Motion to Dismiss,

---

[1] While JAMS was initially named as a defendant in this action, Plaintiff has recently voluntarily dismissed her claims against it. (See docs. 29, 43.)

[2] There is no indication that ADR Services. Inc. ("ADR") has been served and it has not made an appearance in this action.

arguing among other things that this Court lacks personal jurisdiction over it and that Reyes did not timely file her petition to vacate the arbitration award. (Doc. 18.) It also filed a Motion to Remand the confirmation action back to the Los Angeles County Superior Court. (Doc. 28.) As part of this Motion, Early Sullivan also seeks attorney fees. (Id. at p. 10.) For the following reasons, the Court **GRANTS** Early Sullivan's Motion to Dismiss, (doc. 18), and **GRANTS IN PART** and **DENIES IN PART** Early Sullivan's Motion to Remand, (doc. 28).

## BACKGROUND

According to her Complaint, Reyes is a resident of Savannah, Georgia. (Doc. 1, p. 4.) In July 2016, she entered into a contract with Early Sullivan whereby Early Sullivan agreed to provide her with legal representation. (Id. at p. 9.) According to the contract, Early Sullivan is located at an address in Los Angeles, California.[3] (Doc. 18, p. 27.) In a declaration attached to its Motion to Dismiss, a partner at Early Sullivan states that the firm is not registered with the Georgia Secretary of State, has no registered agent in Georgia, does not own or lease real or personal property in Georgia, does not maintain an office or place of business in Georgia, and is not aware of ever having signed any contracts with a Georgia entity. (Id. at p. 21.) The contract between Early Sullivan and Reyes indicates that Early Sullivan sent it to her for her signature "VIA E-

---

[3] Early Sullivan attached several documents to its Motion to Dismiss, including a copy of the contract between it and Reyes as well as a copy of the arbitration award. (Doc. 18, pp. 27–35, 61–69.) The Eleventh Circuit Court of Appeals has held "that the court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005). "'Undisputed' in this context means that the authenticity of the document is not challenged." Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002). Here, both the contract between Reyes and Early Sullivan and the arbitration award are central to Reyes's claims, and neither party disputes the authenticity of either document. Early Sullivan also attached the declaration of Kevin Sinclair who is a partner at Early Sullivan. (Doc. 18, p. 21.) Since Early Sullivan is attacking the factual grounds that form the basis of the Court's personal jurisdiction over it, the Court may consider this evidence as well. See Bracewell v. Nicholson Air Servs, Inc., 748 F.2d 1499, 1501 n.1 (11th Cir. 1984) ("The entry of summary judgment on motions challenging the jurisdiction of the court is neither required nor authorized even if the court must refer to matters outside of the pleadings in adjudicating the merits of the motions."). Accordingly, the Court will consider this evidence in deciding Early Sullivan's Motion to Dismiss.

MAIL." (Id. at p. 27.) As part of the representation agreement embodied by the contract, both parties agreed to settle any disputes via arbitration to be conducted by either JAMS or ADR. (Doc. 18, pp. 32–33; doc. 1, p. 10.) In addition, according to the contract, the rights and obligations of the parties would be determined (by the arbitrator) according to the substantive and procedural laws of California, and the contract itself was to be governed by and construed under the laws of California. (Doc. 18, pp. 33, 35.)

At some point a dispute regarding legal fees arose between the two parties, and Early Sullivan initiated arbitration with JAMS. (Doc. 1, pp. 9–11.) In her Complaint, Reyes claims she was never properly served at the beginning of this arbitration process. (Id. at p. 10.) Reyes also asserts that Early Sullivan did not pay a required $1,500 filing fee and that the arbiter, Barbara Reeves, received unlawful payments from Early Sullivan. (Id. at pp. 12, 30.) She further claims that she tried to initiate her own arbitration proceeding with ADR. (Id. at p. 3.) According to the Complaint, Early Sullivan responded by stating that an arbitration was already pending with JAMS, and ADR informed Reyes that it could not administer any arbitration unless there was "a consensus among the parties to arbitrate . . . with ADR." (Id.) The arbitration proceeding conducted by JAMS took place on September 27, 2019 in Los Angeles County. (Id. at p. 9.) Reyes states that she "was not present" and "did not participate" in this arbitration. (Id.) On October 15, 2019, JAMS found in favor of Early Sullivan and ordered Reyes to pay the law firm $199,670.32. (Id.) Reyes was served with a copy of the arbitration award—by U.S. Mail and by email—on the same day. (Doc. 18, p. 69.)

Less than one month later, on November 13, 2019, Early Sullivan initiated an action in Los Angeles County Superior Court seeking confirmation of its arbitration award and the entry of judgment in accordance therewith. (Doc. 13, pp. 6–9.) A few months later, on January 31, 2020,

Reyes, acting *pro se*, filed her Petition to Vacate the Arbitration Award initiating the present action in this Court. (Doc. 1.) Then, Reyes removed Early Sullivan's confirmation action from Los Angeles County Superior Court into the present action. (Doc. 13.) Early Sullivan, purporting to appear specially herein, filed a Motion to Dismiss Plaintiff's Petition, (doc. 18), and a Motion to Remand the confirmation action back to state court, (doc. 28). Plaintiff, now represented by counsel, filed Responses to both Motions, (docs. 31, 35), and Early Sullivan then filed Replies, (docs. 37, 42).

## LEGAL STANDARD

On a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff has the burden of establishing a prima facie case of jurisdiction. Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009); Stubbs v. Wyndham Nassau Resort and Crystal Palace Casino, 447 F.3d 1357, 1360 (11th Cir. 2006). "A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict." Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990) (citation omitted).

In evaluating a plaintiff's case, the district court must accept as true the allegations in the complaint. Stubbs, 447 F.3d at 1360 (citations omitted). Where the defendant contests the allegations of the complaint through affidavits, "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." Id. When the plaintiff's complaint and supporting affidavits and defendant's affidavits conflict, the court must "construe all reasonable inferences in favor of the plaintiff." Id.

For a defendant to be subject to personal jurisdiction, "the exercise of jurisdiction must (1) be appropriate under the state long-arm statute and (2) not violate the Due Process Clause of the

4

Fourteenth Amendment to the United States Constitution." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257–58 (11th Cir. 2010) (quoting United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir. 2009)).  The Georgia long-arm statute, O.C.G.A. § 9-10-91, does not grant jurisdiction that is "coextensive with procedural due process," and "imposes independent obligations that a plaintiff must establish for the exercise of personal jurisdiction that are distinct from the demands of procedural due process." Id. at 1259 (citing Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Iowa, 620 S.E.2d 352 (Ga. 2005)).  As such, the Court must apply the "specific limitations and requirements of O.C.G.A. § 9-10-91 literally and must engage in a statutory examination that is independent of, and distinct from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied." Id. at 1263.  If the long-arm statute's requirements are satisfied, the Court then determines whether the exercise of jurisdiction violates federal due process.

## DISCUSSION

In its Motion to Dismiss, Early Sullivan makes several arguments for why Reyes's Petition should be dismissed.[4]  Among other things, it argues that the Court does not possess personal jurisdiction over it.  (Doc. 18, pp. 5–11.)  Early Sullivan also argues that dismissal is appropriate because Reyes's Petition is untimely.  (Id. at pp. 12–13.)  In addition, Early Sullivan separately argues, in its Motion to Remand, that its arbitration confirmation action should be remanded to state court in Los Angeles County, California, because Reyes removed the case to the wrong district court in violation of the removal statutes.  (Doc. 28, pp. 4–5.)  It also asserts that remand is warranted because Reyes removed the action into this already-pending case instead of initiating

---

[4] The Court notes that Early Sullivan filed its Motion to Dismiss prior to JAMS's dismissal, and argued, *inter alia*, that the Court lacks subject-matter jurisdiction over this action because the presence of JAMS, which has its principle place of business in Georgia, destroys complete diversity between the parties. (Doc. 18, p. 12.)  Since JAMS is no longer a party to this action, this argument is now moot.

5

a new case upon removal.  (Id. at pp. 5–6.)  Finally, Early Sullivan requests that it be allowed to recover its costs, including attorney fees, caused by Reyes's allegedly improper removal.  (Id. at p. 10.)  The Court will first address the arguments in Early Sullivan's Motion to Dismiss and then will turn to its Motion to Remand.

I.   **Motion to Dismiss**

   A.   **Reyes Has Not Established That the Court Has Personal Jurisdiction Over Early Sullivan**

Early Sullivan argues that Reyes has not satisfied her burden of proving that the Court has personal jurisdiction over it under the Georgia long-arm statute or the Due Process Clause of the Fourteenth Amendment.  (Doc. 18, pp. 5–11.)  Specifically, it argues that personal jurisdiction does not exist because, among other things, Early Sullivan is not registered with the Georgia Secretary of State to do business in Georgia, has no registered agent in Georgia, does not own or lease real or personal property in Georgia, does not maintain an office or place of business in Georgia, and is not aware of any contracts it has signed with a Georgia entity.  (Id. at pp. 6–7, 21.)  Reyes, on the other hand, asserts that the exercise of personal jurisdiction over Early Sullivan is proper because it "engaged in transacting business in the State of Georgia by representing Reyes [which] ultimately resulted in the claims for attorney fees made against [her] and the subsequent arbitration that is the subject matter of this case."  (Doc. 31, p. 9.)

Where, such as here, it is undisputed that a defendant is not a resident of the state of Georgia, a court may only exercise personal jurisdiction over a defendant if it is appropriate under the Georgia long-arm statute and does not violate the Fourteenth Amendment's Due Process Clause.  Diamond Crystal, 593 F.3d at 1257–58.  The long-arm statute "requires that an out-of-state defendant must do certain acts within the State of Georgia before he can be subjected to personal jurisdiction."  Gust v. Flint, 356 S.E.2d 513, 514 (Ga. 1987).  Specifically, the statute

6

permits the exercise of jurisdiction over a nonresident who, personally or through an agent, (1) transacts business within Georgia; (2) commits a tortious act or omission within Georgia; or (3) commits a tortious injury in Georgia caused by an act or omission outside Georgia if the nonresident regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from services rendered in Georgia.  O.C.G.A. § 9-10-91(1)–(3).

Reyes only argues that personal jurisdiction exists because Early Sullivan conducted business in Georgia.  (Id.)   Thus, the only applicable provision of the Georgia long-arm statute is the first subsection.  See O.C.G.A. § 9-10-91(1). In determining whether jurisdiction can be exercised over a nonresident defendant under subsection (1) of the Georgia long-arm statute, the Supreme Court of Georgia has stated:

> jurisdiction exists on the basis of transacting business in this state if (1) the nonresident has purposefully done some act or consummated some transaction in this state, (2) if the cause of action arises from or is connected with such act or transaction, and (3) if the exercise of jurisdiction by the courts of this state does not offend traditional [notions of] fairness and substantial justice.

Amerireach.com, LLC v. Walker, 719 S.E.2d 489, 496 (Ga. 2011) (citation omitted).  The first two elements determine whether "a defendant has established the minimum contacts with the forum state necessary for the exercise of jurisdiction," and, if such minimum contacts exist, the third element determines whether the exercise of jurisdiction "does not result solely from random, fortuitous or attenuated contacts."  Paxton v. Citizens Bank & Trust of W. Ga., 704 S.E.2d 215, 219 (Ga. Ct. App. 2010) (citation and internal quotations omitted).

Here, while Early Sullivan states that it "is not aware of any contracts signed [by it] with any Georgia entity," (doc. 18, p. 7), the Court must consider and review the representation agreement that it entered into with Reyes, who alleges—in her Petition—to have been a Georgia

7

resident "since July 27, 2018," (doc. 1, p. 4). The copy of the representation agreement provided by Early Sullivan shows that it was sent to Reyes "VIA EMAIL." (Id. at p. 27.) No physical address is listed for Reyes; only her email address is listed. (Id.) Georgia law "allows the assertion of long-arm jurisdiction over business conducted through postal, telephonic, and Internet contacts." ATCO Sign & Lighting Co., LLC v. Stamm Mfg., Inc., 680 S.E.2d 571, 576 (Ga. Ct. App. 2009). In addition, transacting business includes "prosecut[ing] negotiations," which would most certainly include sending a contract. Diamond Crystal, 593 F.3d at 1264 n.18. Thus, if it can be shown that Reyes was a Georgia resident at the time, Early Sullivan's actions of negotiating and entering into the contract with her and emailing it to her would appear to satisfy the Georgia long-arm statute. See e.g., EarthLink, Inc. v. Log On America, Inc., No. 1:02-CV-1921-JOF, 2008 WL 11399006, at *3 (N.D. Ga. Apr. 1, 2008) ("[Defendant] obviously had to be in contact with individuals in Georgia to negotiate the contract, and by whatever means that contact was had—through telephone or e-mail or any alternative means—was sufficient for the purposes of the Georgia Long Arm statute.").

However, while Reyes's Complaint does say that she was a resident of Georgia from July 27, 2018 and onward, (doc. 1, p. 4), it does *not* say where she resided in July 2016, when she contracted with Early Sullivan, (see id.; see also doc. 18, pp. 27–36). Thus, from the present record, the Court has no basis for finding that Early Sullivan negotiated and entered a contract with Reyes while she was a Georgia resident or emailed the contract to her in the state of Georgia. Thus, the Court cannot find that Early Sullivan submitted to personal jurisdiction under the Georgia long-arm statute by contracting with Reyes.[5] Rather than showing that she was a Georgia

---

[5] As the Court is unable to find that it has personal jurisdiction over Early Sullivan under the Georgia long-arm statute, it "need not decide whether jurisdiction was proper under the Due Process Clause." Henriquez v. El Pais Q'Hubocali.com, 500 F. App'x 824, 829 (11th Cir. 2012) (per curiam) (citing Diamond Crystal, 593 F.3d at 1257–58).

resident at the relevant time, in her Response Brief, Reyes has requested a period of jurisdictional discovery which could be useful in providing the Court with a more detailed record to determine whether its possess personal jurisdiction over Early Sullivan. (Doc. 31, p. 6.) A party does have "a qualified 'right' to jurisdictional discovery when a court's jurisdiction is genuinely in dispute." Eaton v. Dorchester Dev., Inc., 692 F.2d 727, 729 n.7 (11th Cir. 1982). However, Reyes attempts to establish that Early Sullivan had established sufficient contacts within Georgia by pointing to Early Sullivan's contacts with her. Thus, the information supporting Reyes' attempt to exercise jurisdiction over Early Sullivan, including when she resided in Georgia, is readily available to her without the benefit of discovery. Further, as explained more fully below, Reyes's Complaint should be dismissed for other reasons and, as such, any discovery on this issue would ultimately be futile.

### B.  Reyes Did Not Challenge the Arbitration Award within the Time Allowed

Early Sullivan also argues that Plaintiff's Petition should be dismissed because it was not timely filed. (Doc. 18, pp. 12–13.) In the representation agreement in which they agreed to arbitrate any related disputes between them, the parties agreed that the arbitrator would conduct the arbitration in Los Angeles, California, and would "determine the rights and obligations of the parties according to the substantive and procedural laws of California." (Id. at p. 33.) The parties also agreed that the agreement itself would be "governed by and construed under the laws of the State of California." (Id. at p. 35.) Under California law, "a party seeking to vacate an arbitration award must either (1) file and serve a petition to vacate that award not later than 100 days after the date of the service of a signed copy of the award, or (2) file and serve a timely response (that is, within 10 days) to the other party's petition to confirm the award, which seeks to vacate the award." Santa Monica Coll. Faculty Ass'n v. Santa Monica Cmty. Coll. Dist., 243 Cal. App. 4th 538, 544

(Cal. Ct. App. 2015) (internal citations and quotations omitted). "If [the party who lost in the arbitration does] not serve and file a petition to vacate or a response to [a] petition to confirm within the 100–day period from the date of service of the award . . . , the award must be treated as final.'" Eternity Inv., Inc. v. Brown, 151 Cal. App. 4th 739, 745 (Cal Ct. App. 2007) (alterations in original) (internal citation omitted).

It is undisputed that Reyes was served with a copy of the final arbitration award on October 15, 2019. (Doc. 1, p. 4; doc. 18, p. 69 ("I, Steven McChristy, not a party to the within action, hereby declare that on October 15, 2019, I served the attached Final Award on the parties . . . .").) Reyes did not file her Petition in this Court until January 31, 2020. (Doc. 1.) This was 108 days after she was served with the final award and thus eight days beyond the deadline imposed by California law.[6] "The filing and service deadline for a petition to vacate is jurisdictional; noncompliance deprives a court of the power to vacate an award unless the party has timely requested vacation in response to a petition to confirm." Santa Monica Coll. Faculty Assn., 243 Cal. App. 4th at 544–545. Here, although Reyes removed Early Sullivan's petition to confirm to this Court, (doc. 13), she has not filed a request for vacation in response to that petition. As such, Reyes has not complied with the deadline requirements for challenging the arbitration award, and as a result the Court does not have jurisdiction over this case. California law also provides that only "[i]f the award is vacated, [may] the court . . . order a rehearing before new arbitrators." Cal. Code. Civ. Proc. § 1287; see also Jordan v. Cal. Dep't of Motor Vehicles, 100 Cal. App. 4th 431, 456 (Cal Ct. App. 2002). Because the Court does not have the ability to vacate the arbitration award, it also cannot order that Reyes and Early Sullivan commence a new arbitration with ADR.

---

[6] Under the California Code of Civil Procedure, "[t]he time in which any act provided by law is to be done is computed by excluding the first day, and including the last, unless the last day is a holiday, and then it is also excluded." Cal. Code Civ. Proc. § 12.

In her Response Brief, Reyes does not respond to Early Sullivan's argument except to baldly (and incorrectly) state that "her filing in the Southern District of Georgia is timely" and that this case "require[s] additional discovery to determine facts upon which this or any court would need in order to properly rule." (Doc. 31, pp. 9–10.) As the Court has already stated, "when facts that go to the merits and the court's jurisdiction are intertwined and genuinely in dispute, [a] part[y] ha[s] a 'qualified right to jurisdictional discovery;'" however, such does not hold true where the party unduly delayed seeking leave to initiate discovery. Am. Civil Liberties Union of Fla., Inc. v. City of Sarasota, 859 F.3d 1337, 1341 (11th Cir. 2017) (quoting Eaton, 692 F.2d at 729 n.7). Here, even assuming Reyes's statement about a need for discovery qualified as a request and that it was diligently presented to the Court, she has not shown how discovery would be at all useful in resolving any jurisdictional facts that are genuinely in dispute. Specifically, she has not indicated how discovery might help her prove that her Petition was in fact timely. Moreover, the Court finds that Reyes failed to sufficiently present a request for jurisdictional discovery, as her reference to a need for additional discovery was buried within her Response, and—even if the Court interprets it generously as an actual request—she presented it only as an alternative to denying Early Sullivan's Motion to Dismiss. See United Techs. Corp. v. Mazer, 556 F.3d 1260, 1280–81 (11th Cir. 2009) (holding that the district court did not err in refusing to allow jurisdictional discovery when the plaintiff "never formally moved the district court for jurisdictional discovery but, instead, buried such requests in its briefs as a proposed alternative to dismissing [the defendant] on the state of the [then-]current record" and noting that the plaintiff "should have taken every step possible to signal to the district court its immediate need for such discovery"). Dismissal is warranted in this case based on Reyes's failure to meet a clear-cut deadline. The Court cannot conceive—and Reyes has not shown—how discovery would shed more light on this issue. For all the above reasons, the

Court **DENIES** Reyes's implied request for jurisdictional discovery and **GRANTS** Early Sullivan's Motion to Dismiss, (doc. 18).[7]

## II.     Motion to Remand

In addition to its Motion to Dismiss, Early Sullivan filed a Motion to Remand its arbitration confirmation proceeding back to the Los Angeles County Superior Court.  (Doc. 28.)  Early Sullivan argues that remand is appropriate because Reyes failed to comply with the applicable federal statutes when she removed the action to this Court.  (Id. at pp. 3–6.)  Under federal law, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); see also 28 U.S.C. § 1446(a) ("A defendant . . . desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending . . . .").

The confirmation proceeding was brought by Early Sullivan in the Los Angeles County Superior Court.  (Doc. 13, pp. 6–9.)  Thus, assuming the proceeding was otherwise subject to

---

[7] In her Response Brief, Reyes also requests that the Court "permit the Petitioner to amend her verified petition." (Doc. 31, p. 13.) "The decision whether to grant leave to amend a complaint is within the sole discretion of the district court." Laurie v. Ala. Court of Criminal Appeals, 256 F.3d 1266, 1274 (11th Cir. 2001).  Under Federal Rule of Civil Procedure 15(a)(2), the court should freely give leave to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2). "[A] district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262–63 (11th Cir. 2004). "[D]enial of leave to amend is justified by futility when the 'complaint as amended is still subject to dismissal.'" Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) (quoting Halliburton & Assocs. v. Henderson, Few & Co., 774 F.2d 441, 444 (11th Cir. 1985)).  Here, Reyes failed to file a Motion requesting leave to amend.  Moreover, Reyes's Response does not explain how she could amend her Complaint so that it would no longer be subject to dismissal for untimeliness.  Accordingly, any amendment to her Complaint would be futile.  See, e.g., Reese v. Emmons, No. 3:16-cv-087, 2017 WL 1682547, at *1 (S.D. Ga. May 1, 2017) ("Because Plaintiff fails to identify with any particularity how any 'clarification' would cure his failure to state a claim upon which relief can be given, his attempt to amend his complaint is futile.").  Therefore, the Court **DENIES** Plaintiff's request to amend her Complaint.

12

removal, Reyes should have removed it to the United States District Court for the Central District of California, Western Division, which embraces Los Angeles County. The United States Court of Appeals for the Eleventh Circuit has held that "failure to comply with the geographic requirements of 28 U.S.C. § 1441(a) is a procedural defect that does not deprive a district court of subject matter jurisdiction in a removed case." Peterson v. BMI Refractories, 124 F.3d 1386, 1388 (11th Cir. 1997). However, if a party objects to the procedural defect, then the district court may remand the case. See Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc., 254 F.3d 1317, 1321 (11th Cir. 2001) ("[T]he district court must wait for a party's motion before remanding a case based on procedural defect."); see also 28 U.S.C. § 1447(c). As Early Sullivan has objected, remand is warranted.

Remand of the confirmation proceeding is also proper because Reyes committed an additional procedural defect to which Early Sullivan has objected. Instead of initiating a new case upon removal of the confirmation proceeding to this Court, Reyes removed the state court action into this already-pending action. (See doc. 13.) She cites no authority indicating that this is appropriate under federal law, and the Court's own review of the case law supports reaching the opposite conclusion. See Watkins v. Consol. Eng'g Labs. Inc., No. 15-00147 JMS-RLP, 2015 WL 13424439, at *2 (D. Haw. May 27, 2015) ("Neither the removal statute nor caselaw provides for removal of a state case *directly into* a pending federal case, effectively adding parties and claims from the state action into the federal action."); Conry v. Estate of Barker, No. 14-cv-02672-CMA-KLM, 2017 WL 5952709, at *4 (D. Colo. Dec. 1 2017) ("[T]he Federal Rules do not permit Plaintiff to remove her state court proceeding into this federal court case . . . .").

Accordingly, for all the above reasons, the Court **GRANTS** Early Sullivan's Motion to Remand the confirmation proceeding, (doc. 28).

### III.    Request for Attorney Fees and Costs

Finally, Early Sullivan argues that it "is entitled to recover its costs, including attorneys' fees." (Doc. 28, p. 10.)  Pursuant to 28 U.S.C. § 1447(d), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Courts have discretion to award attorney fees as part of remand "only where the removing party lacked an objectively reasonable basis for seeking removal."  <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005).  While Reyes did commit several procedural errors in removing the case, she was proceeding *pro se* at the time which weighs against an award of attorney fees against her.  <u>See</u> <u>SNF Property, LLC v. Seoane</u>, No. 8:20-cv-1896-T-60AAS, 2020 WL 6194190, at *2 (M.D. Fla. Oct. 22, 2020) ("While removal was inappropriate here, leniency must be given to parties proceeding *pro se*."); <u>Countrywide Home Loans v. Warshaw</u>, No. 9:17-CV-80467-ROSENBERG/HOPKINS, 2017 WL 7733545, at *2 (S.D. Fla. June 15, 2017) ("[Because the defendant is *pro se*,] the Court is willing to offer Defendant the benefit of the doubt with respect to her improper removal of this case."); <u>Sonoc Co. v. Manucy</u>, No. 3:08-cv-409-J-25TEM, 2008 WL 11336348, at * 3 (M.D. Fla. June 30, 2008) ("The Court recognizes that Defendants are proceeding *pro se* . . . [and ultimately] finds that an award of fees and costs would be unjust in this case ").  Thus, the Court **DENIES** Early Sullivan's request to recover its costs including attorney fees.  (Doc. 28, pp. 10.)

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant Early, Sullivan, Wright, Gizer & McRae, LLP, a Limited Liability Partnership's Motion to Dismiss, (doc. 18), and **DENIES** Felice P. Reyes's request for jurisdictional discovery and her request to amend her Complaint, (doc. 31, pp. 12–13).  In addition, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's

Motion to Remand and Motion for Attorney Fees, (doc. 28), as follows: the Court **GRANTS** the remand request and thus **REMANDS** Early Sullivan's arbitration award confirmation action, (see doc. 13), back to the Superior Court of California for the County of Los Angeles, but the Court **DENIES** Early Sullivan's request to recover attorney fees and costs, (id. at p. 10). The Court **DIRECTS** the Clerk of Court to enter an appropriate judgment of dismissal as to Plaintiff's Complaint, (doc. 1), to enter an appropriate judgment of remand as to Plaintiff's Notice of Removal, (doc. 13), and to **CLOSE** this case.

      **SO ORDERED**, this 7th day of January, 2021.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA